ROSARIO T. GONZALEZ
1.09.19

FILED

2019 JAN -9 AM 8:48



MC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: '19 MJ 08074 |
|---|---|
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 21 U.S.C. § 952 and 960 |
| Marco Antonio MEDINA-Placensia, | Importation of a Controlled Substance (Felony) |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about January 8, 2019, within the Southern District of California, defendant Marco Antonio MEDINA- Placensia, did knowingly and intentionally import 500 grams and more, to wit: approximately 13.72 kilograms (30.24 pounds), of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.


The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Special Agent Bryan Snelgrove
Homeland Security Investigations

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 9th, DAY OF January 2019.

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA
V.
Marco Antonio MEDINA-PLACENSIA

## STATEMENT OF FACTS

This complaint is based on the personal observations, investigation, and information furnished to U.S. Homeland Security Investigations Special Agents Bryan Snelgrove and Andrew Jones.

On January 8th, 2019, United States Customs and Border Protection Officer (CBPO) Rubio was assigned to vehicle lane 2 at the Calexico East Port of Entry. At approximately 1855 hours Marco Antonio MEDINA- Placensia (MEDINA), a United States Citizen, and the driver and lone occupant of a 2005 Honda CRV bearing California License Plate, applied for entry into the United States. MEDINA presented his California Driver License and birth certificate as proof of identity and citizenship and informed CBPO Rubio that he had nothing to declare. During his inspection of MEDINA and the vehicle, CBPO Rubio struck the spare tire that was attached to the rear of the vehicle and noted that there was no vibration coming from the tire after it was struck. Based on his observations during the inspection CBPO Rubio referred MEDINA and the vehicle to the secondary area for further inspection.

While en route to the vehicle secondary area, MEDINA and the vehicle were scanned through the Z-portal x-ray machine that was being operated by CBPO Meza. CBPO Meza examined the images generated during the Z-portal scan and noted anomalies in the spare tire of the vehicle being driven by MEDINA.

3

Once MEDINA and the vehicle arrived in the secondary inspection area, CBPO Barroso screened the vehicle utilizing his human/narcotic detector dog and received a response to the spar tire at the rear of the vehicle.

CBPO Cera took over inspection of MEDINA and the vehicle he was driving while it was in the secondary inspection area. During CBPO Cera's inspection, he asked MEDINA where he was traveling and if he was bringing anything into the United States from Mexico. MEDINA responded that he was traveling back home to Calexico, CA and that he was not bringing anything into the United States from Mexico. Following CBPO Cera's interaction with MEDINA, the spare tire of the vehicle was cut open and packages could be seen on the inside of the tire. A total of seven packages, with the approximate total weight of 13.72 kilograms (30.24 pounds) were found and removed from the inside of the spare tire. Contents of the packages subsequently field tested positive for the presence of methamphetamine.

MEDINA was advised of his rights per Miranda and waived his rights, agreeing to provide a statement. MEDINA stated that he knew that there were drugs in the spare tire of his vehicle and that he was going to be paid $2,000.00 dollars to bring the drugs into the United States.